UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PATRICK SPIGNER, ) | C/A No.: 4:14-cv-3570-TMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| WARDEN, LIEBER CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Patrick Spigner (Petitioner), appearing pro se, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 9, 2014. Respondent filed a motion for summary judgment on February 18, 2015, along with a return and memorandum. (Docs. #22 and #23). The undersigned issued an order filed February 20, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #44). Petitioner filed a response on April 13, 2015. (Doc. #33).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lieber Correctional Institution pursuant to orders of commitment from the Clerk of Court of Orangeburg County. On May 17, 2010, Petitioner waived presentment of two indictments, one for one count of Armed Robbery (2010-GS-38-710), and one for one count of Kidnapping (2010-GS-38-711). (App. 3, 5-6, Attachment No. 2). Petitioner was represented by Sara Ford, a Public Defender for Orangeburg County. (App. 1-16). The State was represented by Assistant Solicitor Donald Sorenson of the First Judicial Circuit Solicitor's Office. On May 17, 2010, Petitioner waived his right to a trial by jury and pleaded guilty to all of the charges before the Honorable Edgar Dickson, Circuit Court Judge. Id. Judge Dickson sentenced Petitioner to fifteen years confinement on each conviction, both to be served concurrently. (App. 14-5). Petitioner did not file a direct appeal.

**PCR**

On November 9, 2010, Petitioner filed an Application for Post-Conviction Relief "PCR" (2010-CP-38-1611), asserting he received ineffective assistance of counsel and a due process violation. (App. 17-23). He specifically asserted that

counsel talked him into pleading guilty and that counsel failed to investigate evidence. (App. 19). The State served its Return on February 18, 2011. (App. 36-42, Attachment No. 3). An evidentiary hearing in this PCR action was held before the Honorable DeAndrea G. Benjamin, Circuit Court Judge, on May 22, 2012. (App. 29-61). Petitioner was present and was represented by Scott Palmer. Id. The State was represented by Assistant Attorney General David Spencer. Id. The PCR Court filed its Order of Dismissal on August 3, 2012. (App. 62-66).

**PCR Appeal**

Petitioner timely served and filed a notice of appeal on or around November 5, 2012. (Attachment No. 4). On appeal, Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal to the PCR Court's Order was perfected with the filing of a Johnson Petition for Writ of Certiorari. (Attachment No. 5). In the Johnson Petition, counsel argued plea counsel erred in coercing Petitioner into pleading guilty in order to receive lenient sentencing, because this rendered his guilty pleas involuntarily given. Petitioner also filed a pro se Response to the Johnson Petition. (Attachment No. 7). In his pro se response, Petitioner raised three arguments. First, he contends that plea counsel was ineffective

3

in not having him properly evaluated prior to the guilty plea. Second, he asserted that plea counsel was ineffective because counsel never informed him that he did not have to plead guilty because the indictment was never presented to the grand jury. Third, he claimed that the record supported a finding that he was not satisfied with his attorney, and his guilty plea was the result of his lack of confidence in his attorney.

The South Carolina Supreme Court denied the Petition for Writ of Certiorari by Order filed August 6, 2014. (Attachment No. 8). After consideration of the record as required by <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued on August 22, 2014. (Attachment No. 9).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:   Ineffective Assistance of Counsel.

Supporting Facts:   Counsel talked me into pleading guilty, Counsel requested for mental evaluation after plea of guilty, Counsel didn't informed me that as my right I did not have to answer to these crimes because indictment never presented before Grand Jury

Ground Two:    Due Process

Supporting Facts:   Was denied mental evaluation and competency hearing.

4

(Petition).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively

5

unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

**Ground One**

In Ground One, Petitioner argues ineffective assistance of trial counsel asserting three claims within this Ground. These will be delineated as Claims One, Two, and Three of Ground One. In Claim One, Petitioner asserts counsel talked him into pleading guilty. In Claim Two, Petitioner asserts Counsel requested a mental evaluation after he pleaded guilty. In Claim Three, Petitioner argues that counsel did not inform him that he did not have to answer to the crimes because the indictment was never presented to the Grand Jury.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v.

Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

9

>on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).

**Ground One, Claim One**

In Ground One, Claim One Petitioner alleges that counsel talked him into pleading guilty was raised and ruled upon by the PCR court and raised in the PCR appeal. In the order of dismissal, the PCR noted the following:

>Applicant complains his attorney talked him into pleading guilty and failed to adequately investigate his case. Applicant testified that he never had a bond hearing or preliminary hearing. He did appear before Judge Dickson prior to the plea and advised the judge he wanted a new defense attorney, but his request was denied. Applicant claimed he was on drugs while in court. Applicant admitted on cross-examination that he pled guilty to avoid a harsher punishment.
>
>Counsel testified that she was originally appointed to represent Applicant for drug charges that were dismissed pursuant to the plea. She testified that Applicant did not appear to have a good defense to the charges. She advised Applicant that he could go to trial, but that it was not in his best interests. She testified that the State had sufficient evidence to convict based on the victim identifying Applicant (and both of his co-defendants) in a photographic

10

> lineup. Both co-defendants gave incriminating statements. Counsel testified that she discussed potential defenses with Applicant. Counsel testified that she did not think Applicant had a good defense to the charges. At the plea hearing, counsel advised the plea court that she went over discovery with applicant, his options of going to trial versus pleading guilty, and his constitutional rights. Tr. p. 12, lines 1-4. Counsel testified that Applicant did not appear to be under the influence of any drugs at the plea hearing.
>
> This Court finds Applicant did not meet his burden of proof. Applicant has failed to show that Counsel's performance was deficient. In so finding, this Court finds counsel's testimony was highly credible and gives it great weight. This Court finds that counsel went over discovery and the evidence with Applicant and that her advice to Applicant to plead guilty was reasonable. This Court finds that her performance did not fall below professional norms. Further, this Court finds that Applicant has failed to meet his burden of proving prejudice. This Court finds that Applicant failed to show any benefits that might have accrued from further investigation. This Court further finds that Applicant made an informed decision to plead guilty in order to avoid a harsher punishment. This Court denies this Application with prejudice.

(Tr. 64-65).

At the plea hearing, the Solicitor set forth the facts of the case. The Solicitor told the court that the victim in the case, Mr. Coy Glover, was sitting in the first row of the courtroom. The Solicitor stated that Mr. Glover was at a car wash on October 31, 2009, when a vehicle with two individuals approached him, one armed with an assault rifle. The victim later identified the person with the assault rifle as Petitioner.

The individuals forced the victim into the back seat of his own vehicle where Petitioner held the rifle on him and they were followed by another vehicle, a Malibu, being driven by a third individual. When the individuals stopped at a gas station, one went in and was captured on video. The victim was still seated in the back seat of his own car and was recognized by a person who knew him. However, when this individual tried to talk to the victim, he basically ignored him. Thinking it odd, the person called law enforcement. In the meantime, the individuals left the location with the victim and drove to an abandoned road where they took victim's wallet, his cell phone, and removed the speakers from his car before fleeing in the Malibu. Law enforcement stopped the Malibu with Mr. Butler occupying it. Mr. Butler was picked out by the victim in a photo lineup. He gave a statement admitting to his involvement and provided information leading to the arrests of Antonio Hair who was also picked out of a photo lineup by the victim. This led to the Petitioner who the victim identified from a lineup as being the individual with the rifle. (Tr. 7-9). After the Solicitor announced the facts of the case, he told the court that he had met with Petitioner on multiple occasions in the last several months and Petitioner was involved in reaching the negotiation. (Tr. 10). Counsel told the court that she had gone over the case with Petitioner, gone over his discovery, his constitutional rights, his options of going to trial versus a guilty plea, and felt it was in Petitioner's best interest to plead guilty.

(Tr. 12). Petitioner testified that counsel had reviewed and gone over what the possible sentence could be in relation to each of the charges and that the Solicitor had recommended a fifteen-year sentence. (Tr. 4). Petitioner testified that he did not want a jury trial but knew his rights and that he was satisfied with the services of his attorney. (Tr. 5). Further, the judge stated that neither one of the indictments had been presented to the grand jury but that it was noted on the back that Petitioner had waived presentment to the grand jury asking Petitioner if that was correct. Petitioner stated that was correct.

At the PCR hearing, Petitioner testified that plea counsel told him that he could be facing thirty years but there was a negotiated recommendation of fifteen years. Petitioner testified that he pleaded guilty to avoid a much harsher sentence. (Tr. 44). Trial counsel testified that she was initially appointed to represent Petitioner on a distribution of drugs charge, a crack cocaine charge, as well as a proximity charge. She was also appointed on the armed robbery and kidnaping charge. Counsel stated that all the drug charges were *nol prossed* as part of the plea bargain. (Tr. 49). Counsel testified that she went over all the discovery with Petitioner, all the written statements and any possible defenses if he went to trial, and there were no indications that he was intoxicated or under the influence of any drugs. (Tr. 50, 52). Counsel testified that Petitioner was picked out of a lineup by the victim and that, if he had wanted to go to

trial, she would have proceeded but that it would have been a tough case without a good defense at trial. (Tr. 53). Counsel testified that she met with Petitioner extensively on the day of the plea, met with Petitioner and his grandmother, had met with him at least three times the week before the plea, and that ". . .[t]here was never any question, in my opinion, as to his competency nor his understanding about what was going on and what decisions he was making."  (Tr. 55).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record.[2] Thus, it is recommended

---

[2] Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true.  The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some

that the Respondent's motion for summary judgment be granted as to Ground One, Claim One.

**Ground One, Claim Two**

In Ground One, Claim Two, Petitioner alleges that counsel requested a mental evaluation after the plea of guilty instead of prior to the plea. Respondent asserts that this issue is procedurally barred from habeas review.

At the PCR hearing, plea counsel was questioned regarding the reason she asked for a mental evaluation after the plea. Counsel testified that during the guilty plea, Petitioner expressed concern about being depressed because he was looking at fifteen years so that she asked the judge to have an evaluation once he was at the department of corrections to make sure he would get any assistance that he needed. (Tr. 55-56). However, this issue was not addressed by the PCR court in its order of

---

reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)); Larrivee v. Warden, Me. State Prison, 2000 WL 760971,* 6 (D.Me.2000) ("A defendant's representation at the plea hearing are a 'formidable barrier' in collateral proceedings in which he attempts to take a different position.").

dismissal.[3] Therefore, Ground One, Claim Two, is procedurally barred from habeas review.

**Ground One, Claim Three**

In Ground One, Claim Three, Petitioner asserts that counsel did not inform him that he did not have to answer to these crimes because the indictment was not presented to the grand jury. Respondent argues that this issue is procedurally barred as it was not ruled upon by the PCR court. Based on the record, Respondent is correct. Because these grounds were not ruled on at PCR and fairly presented to the Supreme Court of South Carolina, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).With respect to the grounds found to be procedurally barred, Petitioner has failed to establish cause. Therefore, it

---

[3] If the court were to find that this issue is consumed in the argument at PCR that counsel failed to adequately investigate his case, the claims fail. (Ground One, Claim two and Ground Two). Petitioner did not request a competency hearing prior to entering his plea, he did not present any evidence at PCR that he was not competent to stand trial, and there does not appear to be any indication in the transcript that there were any competency concerns with relation to Petitioner. Counsel testified at PCR that in her two and a half years in the public defender's office, Petitioner was "probably one of the most intelligent clients I ever dealt with, but, no, he did not appear to have any difficulty understanding what we were talking about." (Tr. 52). Counsel testified that there was not anything in his demeanor or his actions or conversations that raised any concerns about his competency. Id.

is recommended that Ground One, claim Three be dismissed as procedurally barred.

**Ground Two**

In Ground Two, Petitioner alleges that his due process rights were violated when he was denied a mental evaluation and a competency hearing. Respondent asserts this issue is procedurally defaulted and not available for federal habeas review.

Based on the record, Respondent is correct. Because this ground was not raised and ruled upon in state court, Ground Two is procedurally barred from federal habeas review absent a showing of cause and actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).With respect to Grounds Two being procedurally barred, Petitioner has failed to establish cause. Therefore, it is recommended that Ground Two be dismissed as procedurally barred.[4]

**CONCLUSION**

As set out above, a review of the record indicates that the petition should be

---

[4] Even assuming, *arguendo,* that the issue with regard to requesting a mental evaluation was not procedurally barred, Petitioner has not shown prejudice. Petitioner failed to present competent evidence that he was not competent at the time of his plea.

dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #23) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 24, 2015  
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.