IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Patrick Spigner, | ) | |
| | ) | Civil Action No. 4:14-3570-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **AMENDED ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Patrick Spigner, a state inmate proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. On April 24, 2015, the magistrate judge assigned to this case filed a Report and Recommendation ("Report"), recommending that the court grant Respondent's motion for summary judgment, and dismiss the petition without an evidentiary hearing. (ECF No. 35). Petitioner was advised of his right to file objections to the Report. (ECF No. 35-1.) Following the grant of a motion for an extension, the objections were due May 28, 2015. (ECF No. 38). On June 3, 2015, after not having received any objections, the court entered an order adopting the Report and dismissing the action. (ECF No. 43). On June 4, 2015, the court received Petitioner's objections. (ECF No. 46). The prison mailroom stamped the objections as having been received on June 1, 2015. (ECF No. 46-1 at 1). However, Petitioner's objections were notarized on May 27, 2015. (ECF No. 46 at 2). Giving the Petitioner the benefit of the doubt, the court has considered Petitioner's objections.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather,

1

"in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections, Petitioner contends that his trial counsel was ineffective for failing to request a competency hearing and that his due process rights were violated because a mentally incompetent person cannot waive his rights. (Objections at 1). He elaborates that his trial counsel was deficient because Petitioner did not have a high school education and had never encountered the criminal justice system before, and there is a reasonable probability that he would have been found incompetent. (Objections at 2). As the magistrate judge determined, this issue was procedurally barred and, moreover, Petitioner has failed to present any evidence that he was not competent at the time of his plea. (Report at 17 and n.4). Accordingly, the court finds Petitioner's objections to be without merit.

After a thorough review of the applicable law, the record in this case, and the Report, the court finds no clear error. Accordingly, Respondent's motion for summary judgment (ECF No. 23) is **GRANTED**, and the habeas petition is **DISMISSED** without an evidentiary hearing.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed

to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

June 5, 3015  
Anderson, South Carolina